James G. BLACK, Plaintiff,

v.

NIAGARA MOHAWK POWER CORPORATION, International Brotherhood of Electrical Workers, Union Local 310, Harry J. Atkinson, and Charles A. Carl, Defendants.

No. 86–CV–695.

United States District Court,
N.D. New York.

Aug. 28, 1986.

Joseph A. Sofi, Little Falls, N.Y., for plaintiff.

John P. Clinton, Niagara Mohawk Power Corp. and Harry J. Atkinson, Syracuse, N.Y., for defendants.

Blitman & King, Bernard T. King, Syracuse, N.Y., for defendants Intern. Broth. of Elec. Workers, Union Local 310 and Charles A. Carl.

## MEMORANDUM–DECISION AND ORDER

McAVOY, District Judge.

In the present case, the plaintiff, James G. Black, seeks redress for wrongs he allegedly suffered in 1976 at the hands of his employer, defendant Niagara Mohawk Power Corporation ("NYMO"), his union, defendant International Brotherhood of Electrical Workers, Union Local 310 (the "Union"), and their respective representatives, defendants Harry J. Atkinson and Charles A. Carl. The action currently before the Court is the third proceeding commenced by Black against essentially the same defendants. The underlying facts giving rise to the three actions are for the most part undisputed.

In April 1976, Black was employed by NYMO as a Line Mechanic Hot Stick in Barneveld, New York. At that time, he received and accepted a promotion to the position of Chief Line Mechanic A–Hot Stick in Old Forge, New York. Black remained in that capacity until October 1976 when he was informed that he was being demoted to his former position because of his failure to change his residence to Old Forge in connection with the promotion. According to NYMO, the promotion was conditioned upon such a change of residence. Black disputed this fact and claimed that he had agreed with NYMO officials that he could be excepted from the residency requirement provided he maintained a post office box in Old Forge. When NYMO denied making such an agreement and demoted Black, he filed a grievance against NYMO through the Union.

The Union pursued Black's grievance through two steps of the grievance procedure in the collective bargaining agreement between NYMO and the Union. On each occasion, Black's grievance was denied by NYMO. After the second denial, the Union referred Black's grievance to the International Brotherhood of Electrical Workers System Council U–11 (the "Council") for consideration. In February 1977, Black was notified that the Council had decided not to pursue his grievance to arbitration. Although he was notified of his right to appeal that decision, Black did not do so. Instead, he commenced an action against NYMO and its representatives in February 1979 in New York State Supreme Court ("*Black I*"). NYMO subsequently removed that action to this Court on the grounds that the action arose under section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 61 Stat. 156, 29 U.S.C. § 185(a). Soon thereafter, Black was granted leave to amend his complaint to add claims for breach of the collective bargaining agreement against NYMO and its representatives and breach of the duty of fair representation against the Union and the Council.

By Order dated November 10, 1980, this Court, Judge MacMahon presiding, granted the defendants' motions for summary judgment in *Black I* on the grounds that there was no evidence whatsoever that the Union had acted maliciously or arbitrarily with regard to the handling of Black's grievance. Judge MacMahon further held that Black had failed to exhaust his contractual remedies under the collective bargaining agreement. On appeal, the Second Circuit affirmed on the basis of Judge MacMahon's determination concerning the Union's conduct but expressed no opinion as

to the effect of Black's failure to exhaust his contractual remedies.

Five years later, Black commenced another action in this Court against NYMO, the Union, and their respective representatives (*"Black II"*), asserting causes of action based upon breach of an agreement to except Black from NYMO's residency requirements in connection with his 1976 promotion, breach of the duty of fair representation, and fraud in obtaining the judgment in *Black I.* After receiving some correspondence from defendants' counsel, Black voluntarily dismissed *Black II* on May 20, 1986. Ten days later, however, Black commenced the present action (*"Black III"*) in New York State Supreme Court against the same defendants alleging a single cause of action sounding in fraud. The defendants subsequently removed the action to this Court whereupon Black moved to remand to state court. The defendants oppose Black's motion and have cross-moved for summary judgment and/or to dismiss Black's claims.

■ In considering the propriety of removal, a district court must initially determine whether it has subject matter jurisdiction over the particular proceeding. In this case, Black maintains that the Court has no jurisdiction because his claim is couched solely in terms of state law. In the complaint, he alleges that the defendants obtained summary judgment in *Black I* by means of false statements in the affidavit of defendant Carl submitted in support of the defendants' motions. Specifically, Black claims that the statements in Carl's affidavit that Black accepted the 1976 promotion with full knowledge of and without objection to NYMO's residency requirements is false and was made with intent to deceive the Court. Black argues that because this claim does not involve a federal question, removal under 28 U.S.C. § 1441(b) was improper.[1]

As a general rule, "removal based on federal question jurisdiction is improper unless a federal claim appears on the face of a well-pleaded complaint." *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d 754, 758 (2d Cir.1986). Under certain circumstances, however, the so-called "artful pleading" doctrine permits the removal court to look beyond the face of the complaint

> to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization. For instance, in many contexts plaintiff's claim may be one that is exclusively governed by federal law, so that the plaintiff necessarily is stating a federal cause of action, whether he chooses to articulate it that way or not. If the only remedy available to plaintiff is federal, because of preemption or otherwise, and the state court must necessarily look to federal law in passing on the claim, the case is removable regardless of what is in the pleading.

Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3722, at 270–75 (2d ed. 1985) (footnotes and citations omitted).

■ In the opinion of the Court, Black is necessarily relying upon federal law for the relief sought in his complaint despite his attempt to couch the complaint solely in terms of state law. His claim that the judgment in *Black I* was obtained by fraud clearly constitutes an attack on the validity of that judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.[2] As

---

**1.** Because there is no diversity of citizenship in this case, removal jurisdiction can only be predicated upon the presence of a general federal question.

**2.** Rule 60(b) provides:
> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;.... The motion shall be made within a reasonable time, and for reasons ... (3) not more than one year after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of the court to entertain an *independent action to relieve a party from a judgment, order, or proceeding,* .... *or to set aside a judgment for fraud upon the court.*

such, the viability of the claim must be determined by reference to standards enunciated in cases decided under the rule. Accordingly, his claim involves a general federal question and was properly removed to this Court. *See* 7 *Moore's Federal Practice* ¶ 60.38(1), at 60–402 (1985).[3]

Having determined that this action may proceed in federal court, the Court will now consider the merits of the defendants' motions. The defendants primarily argue that at this late date, Black has failed to identify any grounds for setting aside the judgment in *Black I.* In this regard, Rule 60(b) generally provides that an attack upon a judgment on the grounds that it was obtained by fraud must be made within one year after the judgment is entered. Nevertheless, under certain circumstances, a party can maintain an independent action for relief from a fraudulently obtained judgment beyond the one-year limitations period. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 2868, at 241 (1973). The Court thus concludes that Black's action based upon the defendants' alleged fraud upon this Court is not untimely. *See M.W. Zack Metal Co. v. International Navigation Corp. of Monrovia,* 675 F.2d 525, 529 (2d Cir.), *cert. denied,*

459 U.S. 1037, 103 S.Ct. 449, 74 L.Ed.2d 604 (1982).

It has been held, however, that "an independent action for fraud may not be entertained if 'there was an opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.'" *Leber-Krebs, Inc. v. Capitol Records,* 779 F.2d 895, 899 (2d Cir.1985) (quoting *Serzysko v. Chase Manhattan Bank,* 461 F.2d 699, 702 n. 2 (2d Cir.), *cert. denied,* 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139 (1972). The fraud relied upon by Black in this case could certainly have been contested in *Black I.* Indeed, the assertions in the Carl affidavit that Black now claims were fraudulent went to the very heart of Black's claims. Black himself possessed all the knowledge that was necessary to dispute Carl's assertions. His unexplained failure to do so is unfortunate but does not warrant a departure from the general rule precluding relief from a prior judgment where there was a prior opportunity to contest allegedly false testimony. Accordingly, even if the Court accepts as true all of the allegations of the complaint, Black has nevertheless failed to establish a right to relief under Rule 60(b). The defendants' motions for summary judgment should therefore be granted.[4]

Fed.R.Civ.Pro. 60(b) (emphasis added).

**3.** This case is procedurally distinguishable from those cases in which "a defendant argues not only that federal law preempts the state law on which a plaintiff relies but also that federal law provides no relief on the facts the plaintiff has alleged." *Travelers Indemnity Co. v. Sarkisian,* 794 F.2d at 758. In that kind of case, "federal law is interposed solely as a defense, and removal jurisdiction will not lie. The plaintiff has *no* available bodies of law from which to choose." *Id.* (emphasis in original).

In this case, federal law provides the exclusive remedy for attacking the validity of a federal judgment. In the words of a recent law review article on this subject, federal law has "occupied the entire field" of the law at issue. *See* Comment, *Federal Preemption, Removal Jurisdiction, and the Well-Pleaded Complaint Rule,* 51 U.Chi. L.Rev. 634, 663–66 (1984). In addition, Black's claim falls within the field of law preempted by Rule 60(b). Black has a remedy available to him in federal court if he establishes his right to the relief. In this situation, it has consistently been held that removal jurisdiction exists once

the plaintiff's claim is deemed federal. *See, e.g., Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981).

**4.** In his Reply Memorandum in Support of his Motion to Remand, Black intimates that his complaint contains a claim that at the time of his promotion, NYMO representatives fraudulently represented to him that he would be excepted from NYMO's residency requirements when in fact, they had no intention of honoring his request for exception. If Black is asserting such a claim, resolution of the claim would be substantially dependent upon an analysis of the terms of the collective bargaining agreement between NYMO and the Union. The Court therefore may treat the claim as one arising under section 301 of the LMRA. *See Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220, 105 S.Ct. 1904, 1916, 85 L.Ed.2d 206 (1985); *Truex v. Garrett Freightlines, Inc.,* 784 F.2d 1347, 1350 (9th Cir.1985); *Bell v. Gas Service Co.,* 778 F.2d 512, 517–18 (8th Cir.1985); *Moore v. General Motors Corp.,* 739 F.2d 311, 315–17 (8th Cir. 1984), *cert. denied,* — U.S. —, 105 S.Ct. 2320, 85 L.Ed.2d 839 (1985); *Hohn v. Kaiser Cement*

■ In connection with their motions, the defendants also request an award of costs and attorney's fees and the issuance of an injunction prohibiting further litigation of Black's claims arising out of his demotion in 1976. In recent years, federal courts have increasingly resorted to their authority to impose sanctions to prevent vexatious and frivolous litigation. *See e.g.,* Fed.R.Civ.Pro. 11; *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 253–54 (2d Cir.1985). On occasion, courts have also enjoined litigants from commencing further actions when the court was convinced that it was "being used as a vehicle of harassment by a [litigant] who asserts the same claims repeatedly in slightly altered guise." *Kane v. City of New York,* 468 F.Supp. 586, 590 (S.D.N.Y.), *aff'd,* 614 F.2d 1288 (2d Cir.1979) (footnotes omitted). *Accord Safir v. United States Lines, Inc.,* 792 F.2d 19, 23–24 (2d Cir. 1986); *Abdullah v. Gatto,* 773 F.2d 487, 488 (2d Cir.1985) (per curiam); *In re Martin-Trigona,* 737 F.2d 1254, 1262 (2d Cir. 1984); *Ward v. Pennsylvania New York Central Transportation Co.,* 456 F.2d 1046, 1048 (2d Cir.1972). Although the facts of this case do not warrant the imposition of sanctions or the issuance of an injunction against Mr. Black or his counsel, the Court firmly believes that this matter has now been finally laid to rest. Mr. Black would thus be well-advised to accept the judgment of this Court unless he is able to advance some meritorious grounds for relitigating his claims. In the absence of such a showing, a fourth "trip to the plate" for Mr. Black will not be met with as patient a response as has been his third trip.

## CONCLUSION

On the basis of the foregoing, Black's motion to remand is denied, the defendants'

*Corp.,* 624 F.Supp. 549, 550–51 (D.Mont.1986). Viewed in that light, the claim was properly removed to this Court. *See Avco Corp. v. Aero Lodge No. 735,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968). Once removed, Black's claim would be barred under the doctrines of res judicata and collateral estoppel by virtue of

motions for summary judgment are granted, and the defendants' requests for an award of costs and attorney's fees and the issuance of an injunction are denied.

IT IS SO ORDERED.

the judgment in *Black I. See Expert Electric, Inc. v. Levine,* 554 F.2d 1227 (2d Cir.1977); *Michelson v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 619 F.Supp. 727, 733–35 (S.D.N.Y. 1985); *Drug Purchase, Inc. v. Dubroff,* 485 F.Supp. 887, 889–90 (S.D.N.Y.1980).