**ALFAB, INC.; Specialty Maintenance & Construction Company, Inc., Plaintiffs,**

v.

**CNA FINANCIAL CORPORATION; National Fire Insurance Company of Hartford; Continental Casualty Company; and J. Michael Potter, Defendants.**

No. Civ. A. 94–D–1372–N.

United States District Court, M.D. Alabama, Northern Division.

Jan. 26, 1995.

Richard H. Gill, Robert D. Segall, Montgomery, AL, for plaintiffs.

Dorothy W. Littleton, Robert E. Sasser, Montgomery, AL, for defendants.

## *MEMORANDUM OPINION AND ORDER*

De MENT, District Judge.

This matter is presently before the court on Plaintiffs' Motion to Remand the above-styled action to the Circuit Court of Montgomery County, Alabama, filed November 7, 1994. Defendants filed a response in opposition to Plaintiff's motion to remand on November 16, 1994. On November 21, 1994, ALFAB, Inc. replied to Defendants' response. For reasons set forth below, the court finds that Plaintiff's motion is due to be granted.

## DISCUSSION

In a previous action styled *National Fire Insurance Company of Hartford and Continental Casualty Company, Plaintiffs, v. AL-FAB, Inc., and ALFAB d/b/a Specialty Maintenance Company, Inc.*, Action No. 92–A–85–S, the parties executed a settlement stipulation, in resolution of said action. On March 19, 1993, United States District Judge

Albritton adopted said Settlement Stipulation as the Court's final order and dismissed the action with prejudice.

On September 24, 1994, the plaintiffs in the above-styled action filed an action in the Circuit Court of Montgomery County, Alabama. Plaintiffs claim that Defendants are liable to them because Defendants: 1) acted fraudulently in procuring the settlement reached in the previous action;[1] 2) misrepresented material information during the settlement negotiations; and 3) wrongfully canceled certain insurance policies.[2]

The Defendants filed a Notice of Removal to this court on October 24, 1994. Defendants contend that the court may assert subject matter jurisdiction in this action pursuant to Rule 60(b) of the *Federal Rules of Civil Procedure*, as Plaintiff's claims entail allegations of fraud regarding the final Order entered on March 19, 1993. Subsequently, Plaintiffs filed a motion to remand this action to the Circuit Court of Montgomery County, Alabama.

Federal courts are courts of limited jurisdiction,[3] and possess only that power authorized by the Constitution and statute, *see Willy v. Coastal Corp.*, 503 U.S. 131, 132–36, 112 S.Ct. 1076, 1078–79, 117 L.Ed.2d 280 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Therefore, this court's jurisdictional authority is limited by its responsibility for resolving concrete disputes properly brought before it.

Defendants contend that they may properly remove this action to this court. Defendants assert that Fed.R.Civ.P. 60(b) provides the basis for removal in this action as Plaintiffs claim that fraud was involved in the

---

**1.** Plaintiffs claim that only certain insurance policies, namely WC0555432, WC411500, CCP0411554 and BUA411499, were subject to the settlement agreement executed in the previous action. Plaintiffs allege that defendants have deprived them of the benefit of their bargain by not paying sums due or by not offsetting amounts owed by Plaintiffs to Defendants.

**2.** Plaintiffs allege that CNA Financial Corporation breached its contractual obligations to Plaintiff ALFAB by canceling insurance policies Worker's compensation Policy # WC 1 CO10030057, Business Automobile Policy # 300300576, Marine Transportation Policy # 700300574 and General Liability Policy # 000300578.

**3.** *See* U.S. Const. art. III, § 2.

settlement negotiations and ultimate agreement in the previous action.[4] Defendants allege that Plaintiffs' fraud allegation necessarily questions the validity of the settlement agreement and since a federal judge signed the Settlement Stipulation, Plaintiff must bring this action in federal court.

In *Kokkonen v. Guardian Life Insurance Company of America,* — U.S. —, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), the United States Supreme Court held that unless the parties agree to a federal district court's retention of jurisdiction over a settlement agreement, enforcement of such agreement is for state courts, unless an independent basis for federal jurisdiction exists in the subsequent action. *Kokkonen,* — U.S. at —, 114 S.Ct. at 1677.[5] The court finds, and Defendants offers no proof or evidence to the contrary, that the parties did not agree to this court retaining jurisdiction to enforce the subject settlement agreement. Therefore, an independent basis for asserting jurisdiction must exist in order for the court to properly assert jurisdiction.

The Court finds that no independent basis for jurisdiction exists in this action. First, Plaintiffs neither allege a violation of nor does the disposition of this action pivot on a federal statutory or constitutional provision.[6] Therefore, subject matter jurisdiction may not be asserted on the basis of federal question. Second, the Court finds that complete

diversity does not exist between Plaintiffs and all Defendants[7] because Plaintiff Special Maintenance & Construction Company, Inc. and Defendant J. Michael Potter are Florida citizens.[8]

## CONCLUSION

The court which asserted jurisdiction over the previous matter, Action No. 92–A–85–S, involving these parties did not retain jurisdiction to enforce the settlement agreement resolving that action.[9] Furthermore, no independent basis for asserting jurisdiction exists. Therefore it is

CONSIDERED and ORDERED that Plaintiff's motion to remand this action to the Circuit Court of Montgomery, Alabama be and the same is hereby GRANTED.

The clerk is DIRECTED to take the necessary action to effect said REMAND.

---

4. Rule 60(b) of the *Federal Rules of Civil Procedure* provides in relevant that:

   ■n motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons:
   (1) . . . .
   (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
   (6) . . . .

5. The *Kokkonen* Court explained that its holding applied to settlement agreements consummated pursuant to Fed.R.Civ.P. 41(a)(1)(ii)—just as the agreement at issue before the court.

6. Pursuant to 28 U.S.C. § 1331, "[t]he federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."

7. *See Owen Equipment & Erection Company v. Kroger,* 437 U.S. 365, 373–74, 98 S.Ct. 2396,

2402, 57 L.Ed.2d 274 (1978); *Strawbridge v. Curtiss,* 7 U.S. 267 (3 Cranch), 2 L.Ed. 435 (1806).

8. Section 1332 of 28 U.S.C. provides in relevant part that:

   [t]he district courts shall have original jurisdiction of all civil claims where the matter in controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—
   (1) citizens of different States.
   28 U.S.C. § 1332(a).

9. Defendants rely on *Black v. Niagara Mohawk Power Corp.,* 641 F.Supp. 799 (N.D.N.Y.1986). While the disposition of *Niagara Mohawk* turned on whether the plaintiff attacked the previous ruling, which would make the cause of action a federal question, the court finds that the case decided by the United States Supreme Court is controlling. The court also points out that *Kokkonen* was more recently decided than the case cited by Defendants.