Girard MENOKEN, Plaintiff,

v.

John T. McNAMARA, Robert J. Barry, Geringer & Dolan, LLP, Kaufman & Canoles, PC, Standard Business Forms, Inc., Nicholas C. Bozzi, Delaware Valley Business Forms, Inc., John J. Murphy, III, Stradley, Ronon, Stevens & Young, LLP, Defendants.

Civil Action No. 02–3341(JBS).

United States District Court, D. New Jersey.

Feb. 27, 2003.

Helen Davis Chaitman, Esquire, Philip L. Guarino, Esquire, Phillips Nizer, LLP, Hackensack, NJ, for Plaintiff.

Warren E. Usdin, Esquire, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, NJ, for Defendants John T. McNamara and Geringer & Dolan, LLP.

K. Roger Plawker, Esquire, Walder, Hayden & Brogan, P.A., Roseland, NJ, for Defendants Robert J. Barry, Kaufman & Canoles, PC, and Standard Business Forms, Inc.

Stephen B. Nolan, Esquire, Stradley, Ronon, Stevens & Young, LLP, Cherry Hill, NJ, for Defendants Nicholas C. Bozzi, Delaware Valley Business Forms, Inc., John J. Murphy, III, and Stradley, Ronon, Stevens & Young, LLP.

## *OPINION*

SIMANDLE, District Judge.

This matter is before the Court on plaintiff's motion to vacate this Court's Order filed September 26, 2002 which found removal jurisdiction based on federal question jurisdiction. Plaintiff argues that the order should be vacated based on the November 5, 2002 decision of the United States Supreme Court in *Syngenta Crop Protection, Inc. v. Henson,* — U.S. ——, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). This Court disagrees and will deny plaintiff's motion.

## I. *BACKGROUND*

This matter involves two integrally related actions. The first was filed in this federal court in 1996 alleging violations of the Family and Medical Leave Act (FMLA) and the Americans with Disabilities Act (ADA). *Menoken v. Standard Forms, Inc., et al.,* Civil Number 96–1774(JBS). A final judgment was entered in plaintiff's favor as to his FMLA claim in the amount of $27,200.00, and denying his claim for liquidated damages under the FMLA, after having granted summary judgment in favor of defendants on plaintiff's ADA claims. An appeal followed, and the United States Court of Appeals for the Third Circuit affirmed all rulings of this Court from which the plaintiff appealed, reversed this Court's finding of FMLA violations, and set aside this Court's award of attorney's fees in connection with the FMLA. *Menoken v. Standard Forms, Inc., et al.,* App. Nos. 00–2102/2198/2652, 2001 WL 1040778 (3d Cir. Aug. 30, 2001). Thus, plaintiff prevailed on none of his claims and the final judgment was entered after remand on November 2, 2001.

The second action was filed on June 10, 2002 in state court alleging tortious interference with prospective economic advantage and fraudulent concealment of evidence during the first federal action by the defendants and their attorneys. *Menoken v. John T. McNamara, et al.,* No. L–4967–02. Defendants filed a notice of removal of the state action on July 12, 2002. This Court raised the issue of subject matter jurisdiction *sua sponte* because the parties conceded that they did not have diversity of citizenship and because the complaint included state law claims. After considering the arguments of the parties, this Court found that it had removal jurisdiction over the action because it had federal question jurisdiction under 28 U.S.C. § 1331. (Slip Op. at 7.) The Court noted that plaintiff's complaint, while containing state claims, actually presented a federal question because federal law supplied a "necessary element" for plaintiff's recovery. (Slip Op. at 9–10, citing *United Jersey Banks v. Parell,* 783 F.2d 360, 366–67 (3d Cir.1986) and *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981)). The Court found that federal question jurisdiction arose from two independent sources, namely, Rule 60(b), Fed. R.Civ.P. (because plaintiff's suit necessarily seeks to nullify a federal court judgment on grounds of fraud in the litigation process, citing *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir.1976), *inter alia*), and "because an essential ingredient for recovery upon plaintiff's claim against any of these named defendants requires proof that plaintiff's underlying federal claims were meritorious and that final judgment on those claims must be set aside." (Slip Op. at 14.)

On October 9, 2002, despite this Court's finding of subject matter jurisdiction, plaintiff filed a notice of voluntary dismissal pursuant to Fed.R.Civ.P. 41, stating that he did "not have the financial resources to prosecute this matter through an appeal." [Docket Item 17–1.] On November 5, 2002, the United States Supreme Court decided *Syngenta Crop Protection v. Henson,* — U.S. ——, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). On January 16, 2003, plaintiff filed the present motion for relief from the September 26, 2002 order, arguing that the *Henson* decision "ma[de] clear that this Court erred in relying upon Rule 60(b) as a basis for asserting jurisdiction under the removal statute." (Pl.'s Br. at 1.)

## II. DISCUSSION

Plaintiff seeks relief from this Court's September 26, 2002 Order pursuant to Fed. R.Civ.P. 60(b)(4), (5), and (6),[1] arguing that the recent Supreme Court decision in *Syngenta Crop Protection v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002) shows that this Court's decision was flawed. Defendants argue that this Court should deny the motion (A) because it is procedurally flawed, and (B) because this Court's prior order is not affected by the *Henson* decision. For the reasons that follow, this Court finds that this motion is procedurally flawed and that this Court's prior decision finding federal subject matter jurisdiction over plaintiff's case remains valid after *Henson.*

### A. Procedural Requirements of Rule 60(b) Motion

Defendants first argue that plaintiff's motion is procedurally flawed because it does not seek relief from a "final judgment." Plaintiff, however, argues that this Court should consider its order to be a final judgment because it caused him to voluntarily dismiss his complaint.

Rule 60(b) expressly requires a "final judgment." The Advisory Committee explained that:

> [t]he addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

The Third Circuit has therefore found that interlocutory orders, such as "discovery order[s] or similarly preliminary step[s] in litigation being conducted in the district court" are not within the scope of Rule 60(b). *Torres v. Chater*, 125 F.3d 166, 168 (3d Cir.1997).

Here, the September 26, 2002 order was clearly interlocutory as it was the very first step in litigation conducted in the district court. Before the Court could consider the merits of the action, the Court needed to determine whether it had subject matter jurisdiction to do so. The Court's findings were, under a practical and technical perspective, the beginning of plaintiff's litigation. Moreover, an order denying remand to the state court, finding removal was proper, is generally not appealable as a final order. *Spring City Corp. v. Am. Buildings Co.*, 193 F.3d 165, (3d Cir.1999) (citing *Chicago Rock Island & Pack R. Co. v. Stude*, 346 U.S. 574, 578, 74 S.Ct. 290, 98 L.Ed. 317 (1954); *Carr v. Am. Red Cross*, 17 F.3d 671, 682 (3d Cir.1994)). Therefore, a motion for relief from the September 26, 2002 order is not a Rule 60(b) motion.

Plaintiff, however, argues that the September 26th order in effect "operated to effectively (and finally) *dismiss* [the state] action" and caused him to voluntarily dismiss his case. (Pl.'s Reply at 3.) Thus, he argues, he is seeking relief from what is, in effect, a final judgment. This Court disagrees. The September 26th order did not dismiss the claims in the state action; instead it found that such claims could be considered in federal court. The order signified the beginning of plaintiff's lawsuit, not its end. This motion will be denied because Rule 60(b) does not apply to this Court's Order of September 26, 2002.

In spite of the interlocutory nature of the September 26th Order, this Court will *arguendo* consider plaintiff's arguments for relief from the order because "interlocutory judgments are ... left subject to the complete power of the court rendering them to afford such relief from them as justice requires." Fed.R.Civ.P. 60(b) (advisory committee notes). Here, plaintiff has argued that justice requires relief because the Court's September 26, 2002 decision is no longer valid under the November 5, 2002

---

1. Fed.R.Civ.P. 60(b)(4), (5), and (6) provide:

On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons ... (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ...

decision in *Syngenta Crop Protection v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). The Court will consider this argument next.

### B. *Validity of this Court's Order after Henson*

■ Plaintiff argues that this Court should grant relief from its September 26th Order because the Supreme Court's decision in *Henson* shows that this Court "found non-existent removal jurisdiction." (Pl.'s Reply at 4.) Defendants, however, argue that the *Henson* decision "has nothing to do with the facts of this case or this Court's appropriate exercise of jurisdiction pursuant to 28 U.S.C. § 1331." (Def. Bozzi Br. at 13.) This Court finds that its finding of federal question subject matter jurisdiction is not affected by the *Henson* decision.

A civil action brought in state court may be removed by a defendant to the federal district court in the district where the action is pending as long as the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a); *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 7–8, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). If the parties are not diverse, removal is only appropriate "if the case falls within the district court's original 'federal question' jurisdiction: 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir.2002) (quoting 28 U.S.C. § 1331). The Supreme Court in *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), in effect reiterated the holding of *Higgins;* it found that removal was not proper based on supplemental jurisdiction[2] or on the All Writs Act[3] because neither provides "original jurisdiction." *Id.* at 368.

In *Henson*, the parties were simultaneously involved in a state action and a federal action. *Id.* When the federal action was settled, the defendants asserted that the settlement stipulated to dismissal of all claims against them, including the claims in the state action. *Id.* The state court, however, interpreted the settlement agreement to require dismissal of only some of the claims. *Id.* The defendants then sought removal of the state action arguing that the state court had "frustrated the [settlement] order of the federal court" and that the federal court should therefore exercise jurisdiction over the state action pursuant to the All Writs Act which gives the court authority to protect its jurisdiction. *Id.* at 369. The petitioners conceded that the All Writs Act "does not, by its specific terms, provide federal courts with an independent grant of jurisdiction," but argued that supplemental jurisdiction combined with the All Writs Act should authorize removal. *Id.* at 370.

The Court found that supplemental jurisdiction, alone or in combination with the All Writs Act, could not provide removal jurisdiction. *Id.* at 371. Supplemental jurisdiction does not provide original jurisdiction because "a court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." *Id.* Therefore, because neither the All Writs Act nor the supplemental jurisdiction statute provided the court with original jurisdiction, they could not provide the court with removal jurisdiction. *Id.* at 371.

In making its holding, the *Henson* Court did not undermine the long-standing holding of the Supreme Court that removal jurisdiction may be exercised based the original jurisdiction provided by the diversity and federal question jurisdiction statutes. *See In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 314 F.3d 99, 105 (3d Cir.2002) (re-

---

**2.** 28 U.S.C. § 1367(a) provides, in part:
... in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution ...

**3.** 28 U.S.C. § 1651(a) provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

manding case under *Henson* because only jurisdictional basis was All Writs Act; none of the "conventional bases of removal jurisdiction ... diversity jurisdiction [and] federal question jurisdiction" was present); *see also In re Am. Honda Motor Co., Inc. Dealerships Relations Litig.,* 315 F.3d 417, 442 (4th Cir.2003) (Travis, J. dissenting) (explaining *Henson* as holding that All Writs Act does not provide independent source of federal jurisdiction over claims that otherwise would not fall under court's jurisdiction through diversity or federal question jurisdiction).

In its decision dated September 26, 2002, this Court explained the requirements for federal question jurisdiction. (Slip Op. at 8–10.) Federal question jurisdiction, pursuant to 28 U.S.C. § 1331, requires that the action "aris[e] under the Constitution, laws, or treaties of the United States." To determine whether the case "arises under" federal law, the court must look at plaintiff's "well-pleaded complaint" to see whether it contains a federal cause of action. *Higgins,* 281 F.3d at 389 (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)). However, the complaint does not need to expressly include a federal law cause of action, because the plaintiff cannot avoid federal jurisdiction through "artful pleading." *Higgins,* 281 F.3d at 389. Therefore, if "the merits of the litigation turn on a substantial federal issue that is 'an element, and an essential one, of the plaintiff's cause of action,' " then federal question jurisdiction is proper. *Id.* (quoting *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).

In this Court's September 26, 2002 Opinion, this Court specifically found "that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and removal is therefore proper." (Slip Op. at 7.) The Court explained that while "plaintiff's complaint includes two purely state law tort claims," the suit is "at its core, an issue of federal law that must be resolved in federal court." (Slip Op. at 10.) The Court then provided two separate reasons why federal question jurisdiction exists in this lawsuit. First, the Court explained Fed.R.Civ.P. 60(b) and the caselaw which has found that it treats an allegation, such as plaintiff's, that a federal judgment was fraudulently obtained, as a "general federal question." (Slip Op. at 12–13) (quoting 7 J. Moore, *Moore's Federal Practice,* ¶ 60.38(1) (2d ed.); *Villarreal v. Brown Express, Inc.,* 529 F.2d 1219, 1221 (5th Cir.1976); *Black v. Niagara Mohawk Power Corp.,* 641 F.Supp. 799, 801–02 (N.D.N.Y.1986)). Second, the Court explained the application of federal question jurisdiction pursuant to section 1331 in plaintiff's case where federal law is "an element, and an essential one, of the plaintiff's cause of action," *see Higgins,* 281 F.3d at 389, because "an essential ingredient for plaintiff's claim against any of these named defendants requires proof that plaintiff's underlying federal claims [under the FMLA and the ADA] were meritorious and that the final judgment upon those claims must be set aside," *see* Slip Op. at 14.

This Court continues to find that the state court action herein presented a federal question because plaintiff cannot recover damages against these defendants unless he proves, as an essential element, that his underlying causes of action under FMLA and/or ADA were meritorious; if the plaintiff lacked a meritorious federal cause of action, then the alleged misconduct of these defendants in the litigation cannot be found to have proximately caused his harm. Because proof of a meritorious federal claim is an essential element of proximate causation and damages for each of his claims, the plaintiff's complaint presented a federal question within 28 U.S.C. § 1331 within this Court's original jurisdiction, and it was therefore properly removed. The Court need not revisit the issue of whether Rule 60(b) also presents an alternative basis of federal question jurisdiction for a complaint alleging fraud in a prior federal lawsuit between the same parties after *Henson* because this Court, in any event, has federal question jurisdiction based on 28 U.S.C. § 1331.

The Court's decision in *Henson* did not affect this Court's finding of federal question jurisdiction because the *Henson* case did not involve federal question jurisdiction. The Court, therefore, again finds that removal was properly granted over plaintiff's state

court action because this Court had original jurisdiction over the action since it had federal question jurisdiction pursuant to 28 U.S.C. § 1331.

## III. CONCLUSION

For the foregoing reasons, this Court will deny plaintiff's motion for relief from this Court's September 26, 2002 Order. Plaintiff's motion is not cognizable under Rule 60(b) in this case because the Order of September 26, 2002, finding jurisdiction, was not a final order. Alternatively, on the merits, this Court properly found that it had removal jurisdiction over the action because it had federal question jurisdiction.[4]

The accompanying order is entered.

---

**4.** Plaintiff's counsel, Mr. Guarino, at oral argument on February 26, 2003, requested that plaintiff's voluntary dismissal of October 9, 2002 remain in place in the event this Court denies this motion for reconsideration. Accordingly, the accompanying Order will provide that this matter will remain in closed status, having been voluntarily dismissed without prejudice.