**Girard MENOKEN, Appellant,**

v.

**John T. MCNAMARA; Robert J. Barry; Geringer & Dolan, LLP; Kaufman & Canoles, a professional corporation; Standard Business Forms, Inc.; Nicholas C. Bozzi; Delaware Valley Business Forms, Inc.; John J. Murphy, III; Stradley, Ronon, Stevens & Young, LLP.**

No. 03–1881.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 23, 2004.

Decided March 10, 2004.

Helen D. Chaitman, Phillips Nizer, Hackensack, NJ, for Appellant.

Elliott Abrutyn, Richard E. Snyder, Warren Usdin, Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, Livingston, NJ, K. Roger Plawker, Walder, Hayden & Brogan, Roseland, NJ, Stephen B. Nolan, Stradley, Ronon, Stevens & Young, Philadelphia, PA, for Appellee.

Before RENDELL, BARRY and ROSENN, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Gerard Menoken appeals from an order of the District Court denying Menoken's motion pursuant to Fed.R.Civ.P. 60(b). The appellees have filed a motion to dismiss for lack of jurisdiction. We will grant the motion.

We need not dwell on the factual or procedural background of this case, as the parties are well aware of proceedings to date. Briefly stated, the District Court ruled that it had subject matter jurisdiction over Menoken's claims following the removal of the case—in which Menoken alleged claims under the federal civil rights laws—from the Superior Court of New Jersey to the United States District Court for the District of New Jersey. The District Court refused Menoken's motion to remand the case to state court, and Menoken voluntarily dismissed the District Court action in October 2002. Three months later, Menoken moved the District Court, pursuant to Rule 60(b), to reverse its ruling with respect to subject matter jurisdiction. The District Court denied the motion and Menoken now appeals from the District Court's order.

As is apparent from the foregoing recitation of the procedural history, the appeal before us constituted an appeal from an order that is not final. As appellees succinctly noted in their brief:

> There can be no serious argument that the District Court's September 26, 2002, order was "final" in any sense of the word. Far from ending the dispute, the decision ensured that Menoken's claims would be heard in federal court. No claims or parties were dismissed. The litigation was not put to an end. If anything, the court invited Menoken to present his claims. Rather than litigate his claims, however, appellant chose to dismiss them pursuant to Federal Rule of Civil Procedure 41.

Appellee's brief at page 16.

And, the appeal from the order denying relief under Rule 60(b)(5) fares no better. The effect of this order was to reinforce what the District Court had said before—namely, that the Court *had* subject matter jurisdiction. Compounding Menoken's problem is the additional fact that, before seeking Rule 60(b) relief from the order, Menoken voluntarily dismissed the case. We need not decide whether the dismissal trumps the Court's orders, or vice versa, for, in either event, we lack jurisdiction.

Accordingly, the motion to dismiss for lack of jurisdiction will be GRANTED.