

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-30-2008

# Girard Menoken v. John McNamara

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2445

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

## Recommended Citation

"Girard Menoken v. John McNamara" (2008). *2008 Decisions.* Paper 28.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/28

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2445
_____

GIRARD MENOKEN,
                                    Appellant
vs.

JOHN T. MCNAMARA; JOHN J. MURPHY, III; STRADLEY, RONON, STEVENS &
YOUNG, LLP; ROBERT J. BARRY; GERINGER & DOLAN LLP; KAUFMAN &
CANOLES; STANDARD FORMS INC; WORKFLOW MGMT INC; ABC CORP; XYZ
LLC; STANDARD BUSINESS FORMS; NICHOLAS C. BOZZI; DELAWARE
VALLEY BUSINESS FORMS INC

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-cv-04610)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 29, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and WEIS, Circuit Judges
(Opinion filed: December 30, 2008)
_____
OPINION
_____

PER CURIAM.

        Girard Menoken appeals pro se from an order of the United States District

Court for the District of New Jersey granting, on statute of limitations grounds, a motion

to dismiss and a motion for summary judgment in an action removed to federal court pursuant to 28 U.S.C. §§ 1331 and 1441. We will affirm.

In 1996, Menoken brought an action in the United States District Court for the District of New Jersey alleging violations the Family and Medical Leave Act ("FMLA"), the Americans With Disabilities Act ("ADA"), and the Civil Rights Act of 1991. Menoken v. Standard Form, Inc., D.N.J. Civ. No. 96-1774 ("Menoken I"). Following discovery and briefing by the parties, the District Court dismissed Menoken's claims, with the exception of an FMLA claim, which was later resolved in Menoken's favor after a bench trial. The District Court entered its final judgment on June 16, 2000. On appeal, we affirmed the District Court's partial dismissal of Menoken's claims and reversed the District Court's finding of liability on the FMLA claim. See Menoken v. Standard Forms, Inc., 275 F.3d 36 (3d Cir. 2001) (table).

In 2002, Menoken filed suit in New Jersey Superior Court against the defendants in Menoken I and their attorneys, raising claims of tortious interference with prospective economic advantage and fraudulent concealment of material evidence. Menoken v. McNamara, D.N.J. Civ. No. 02-3341 ("Menoken II"). The defendants removed Menoken II to the District Court, which determined that it had federal question jurisdiction pursuant to 28 U.S.C. § 1331. Menoken then voluntarily dismissed the action, but three months later, in January 2003, he moved the District Court to reverse its ruling with respect to subject matter jurisdiction. See Fed. R. Civ. P. 60(b). The District

2

Court denied Menoken's motion. See Menoken v. McNamara, 213 F.R.D. 193, 197-98 (D.N.J. 2003). Menoken appealed, and we granted the appellees' motion to dismiss for lack of jurisdiction. See Menoken v. McNamara, 88 F. App'x 550 (3d Cir. 2004) (not precedential).

Menoken filed the present action in the Superior Court of New Jersey on August 13, 2007. The claims in Menoken's amended complaint – which is virtually identical to the complaint he filed in Menoken II – concerned alleged misconduct during the discovery process and summary judgment proceedings in Menoken I. The principal dispute centered around the defendants' disclosure of, and statements regarding, an Asset Purchase Agreement.[1] The defendants removed the case to the District Court, which, after determining that it had jurisdiction, granted certain defendants' motion to dismiss and granted the remaining defendants' motion for summary judgment. The District Court's decision was based on its conclusion that New Jersey's six-year statute of limitations for non-personal injury actions barred Menoken's claims. See N.J. Stat. Ann. § 2A:14-1. Menoken appealed.

---

[1] The Agreement pertained to the acquisition of Menoken's former employer, Delaware Valley Business Forms ("DVBF"), by Standard Forms, Inc. ("SFI"). SFI's purchase of DVBF took place while Menoken was out of work due to injuries he suffered during a street mugging. When Menoken sought to return to work, SFI claimed that DVBF had not identified him in an exhibit to the Asset Purchase Agreement listing DVBF employees who would become employees of SFI after the transaction.

3

Significantly, the alleged harm caused by the defendants' failure to turn over the Purchase Agreement, and by the defendants' alleged misrepresentations concerning a list of DVBF employees attached to that Agreement, was known to Menoken before the District Court entered its final judgment in Menoken I on June 16, 2000. During a case management conference, Menoken's attorney admitted that the Asset Purchase Agreement was provided to Menoken on October 15, 1998, and that it was at that time that Menoken first learned that SFI "had been misleading . . . with regard to whether this employee list was actually part of that agreement." The District Court concluded that Menoken "was [not] harmed in any way by not having obtained a copy of the agreement sooner than [he] did."

Menoken failed to raise his allegations of fraud and misrepresentation after entry of the final judgment in Menoken I; he did not appeal the District Court's discovery rulings; he has not alleged that the judgment should be set aside because of fraud upon the court; and he has not sought to initiate an independent federal action to obtain relief. In other words, Menoken has never pursued an appropriate available remedy in the District Court, and now any attempt to do so would be time-barred and/or meritless. Furthermore, to the extent Menoken's claims are cognizable under state law and were properly removed to federal court, we agree, for the reasons stated by the District Court, that the claims are barred by New Jersey's six-year statute of limitations.

Accordingly, we will affirm the District Court's judgment.

4