# SYNGENTA CROP PROTECTION, INC., ET AL. *v.* HENSON

No. 01–757.   Argued October 15, 2002—Decided November 5, 2002

REHNQUIST, C. J., delivered the opinion for a unanimous Court. STEVENS, J., filed a concurring opinion, *post*, p. 35.

*Henry B. Alsobrook, Jr.,* argued the cause for petitioners. With him on the briefs were *Mark C. Surprenant, Robert N. Markle,* and *Alan B. Nadel.*

*David J. Bederman* argued the cause and filed a brief for respondent.*

---

*\*Robert N. Weiner* and *Jonathan Harrison* filed a brief for the Product Liability Advisory Council, Inc., as *amicus curiae* urging reversal.

Briefs of *amici curiae* urging affirmance were filed for the State of Texas by *John Cornyn,* Attorney General of Texas, *Lonny S. Hoffman,* and *Gregory S. Coleman;* for the Association of Trial Lawyers of America by *Jeffrey Robert White;* and for Trial Lawyers for Public Justice by *Adam Samaha, Roberta B. Walburn, Martha K. Wivell,* and *Arthur H. Bryant.*

CHIEF JUSTICE REHNQUIST delivered the opinion of the Court.

Respondent Hurley Henson filed suit in state court in Iberville Parish, Louisiana, against petitioner Syngenta Crop Protection, Inc. (then known as Ciba-Geigy Corp.) asserting various tort claims related to petitioners' manufacture and sale of a chlordimeform-based insecticide. A similar action, *Price* v. *Ciba-Geigy Corp.*, was already underway in the United States District Court for the Southern District of Alabama. The Louisiana court stayed respondent's action when respondent successfully intervened in the *Price* suit and participated in the ensuing settlement. That settlement included a stipulation that the *Henson* action, "including any and all claims . . . against [petitioners], shall be dismissed, with prejudice," as of the approval date. App. 38a; see also *id.*, at 36a.

Following the approval of the settlement, the Louisiana state court conducted a hearing to determine whether the *Henson* action should be dismissed. Counsel for respondent told the court that the *Price* settlement required dismissal of only some of the claims raised in *Henson*. Although this representation appeared to be contrary to the terms of the settlement agreement, the Louisiana court relied upon it and invited respondent to amend the complaint and proceed with the action.

Counsel for petitioners did not attend the hearing. Upon learning of the state court's action, however, petitioners promptly removed the action to the Middle District of Louisiana, relying on 28 U. S. C. § 1441(a). The notice of removal asserted federal jurisdiction under the All Writs Act, § 1651, and under the supplemental jurisdiction statute, § 1367. The Middle District of Louisiana granted a transfer to the Southern District of Alabama pursuant to § 1404(a), and the Alabama court then dismissed *Henson* as barred by the *Price* settlement and sanctioned respondent's counsel for his misrepresentation to the Louisiana state court.

The Court of Appeals for the Eleventh Circuit affirmed the sanctions but vacated the District Court's order dismissing the *Henson* action. *Henson* v. *Ciba-Geigy Corp.*, 261 F. 3d 1065 (2001). The court reasoned that § 1441 by its terms authorizes removal only of actions over which the district courts have original jurisdiction. But the All Writs Act authorizes writs "in aid of [the courts'] respective jurisdictions" without providing any federal subject-matter jurisdiction in its own right, see, *e. g., Clinton* v. *Goldsmith,* 526 U. S. 529, 534–535 (1999). Therefore, the Court of Appeals concluded, the All Writs Act could not support removal of the *Henson* action from state to federal court.

In so holding, the Court of Appeals recognized that several Circuits have held that the All Writs Act gives a federal court the authority to remove a state-court case in order to prevent the frustration of orders the federal court has previously issued. See, *e. g., Xiong* v. *Minnesota,* 195 F. 3d 424, 426 (CA8 1999); *Bylinski* v. *Allen Park,* 169 F. 3d 1001, 1003 (CA6 1999); *In re Agent Orange Product Liability Litigation,* 996 F. 2d 1425, 1431 (CA2 1993). It noted, however, that other Circuits have agreed with its conclusion that the All Writs Act does not furnish removal jurisdiction. See, *e. g., Hillman* v. *Webley,* 115 F. 3d 1461, 1469 (CA10 1997). We granted certiorari to resolve this controversy, 534 U. S. 1126 (2001), and now affirm.

The All Writs Act, 28 U. S. C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioners advance two arguments in support of their claim that removal of the *Henson* action was proper under the All Writs Act: (1) The All Writs Act authorized removal of the *Henson* action, and (2) the All Writs Act in conjunction with the doctrine of ancillary enforcement jurisdiction authorized the removal. We address these contentions in turn.

First, petitioners, like the courts that have endorsed "All Writs removal," rely upon our statement in *United States* v. *New York Telephone Co.*, 434 U. S. 159, 172 (1977), that the Act authorizes a federal court "to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." Petitioners also cite *Pennsylvania Bureau of Correction* v. *United States Marshals Service*, 474 U. S. 34, 41 (1985), for the proposition that the All Writs Act "fill[s] the interstices of federal judicial power when those gaps threate[n] to thwart the otherwise proper exercise of federal courts' jurisdiction." They argue that the Act comes into play here because maintenance of the *Henson* action in state court in Louisiana frustrated the express terms of the *Price* settlement, which required that "any and all claims" in *Henson* be dismissed.

But *Pennsylvania Bureau* made clear that "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." 474 U. S., at 43. The right of removal is entirely a creature of statute and "a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Great Northern R. Co.* v. *Alexander*, 246 U. S. 276, 280 (1918) (citing *Gold-Washing and Water Co.* v. *Keyes*, 96 U. S. 199, 201 (1878)). These statutory procedures for removal are to be strictly construed. See, *e. g.*, *Shamrock Oil & Gas Corp.* v. *Sheets*, 313 U. S. 100, 108–109 (1941) (noting that policy underlying removal statutes "is one calling for the strict construction of such legislation"); *Healy* v. *Ratta*, 292 U. S. 263, 270 (1934) ("Due regard for the rightful independence of state governments . . . requires that [federal courts] scrupulously confine their own jurisdiction to the precise limits which the statute has defined"); *Matthews* v. *Rodgers*, 284 U. S. 521, 525 (1932); *Kline* v. *Burke Constr. Co.*, 260 U. S. 226, 233–234 (1922). Petitioners may not, by resorting to the All Writs Act, avoid complying with

the statutory requirements for removal. See *Pennsyl-vania Bureau, supra*, at 43 (All Writs Act "does not au-thorize [federal courts] to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate").

Petitioners' question presented to this Court suggests a variation on this first argument, asking whether the All Writs Act "vests federal district courts with authority to ex-ercise removal jurisdiction *under 28 U. S. C. § 1441.*" Pet. for Cert. i (emphasis added). The general removal statute, 28 U. S. C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress specifically provides oth-erwise. § 1441(a). Under the plain terms of § 1441(a), in order properly to remove the *Henson* action pursuant to that provision, petitioners must demonstrate that original subject-matter jurisdiction lies in the federal courts. They concede that the All Writs Act "does not, by its specific terms, provide federal courts with an independent grant of jurisdiction." Brief for Petitioners 9; see also *Clinton, supra*, at 534–535 (express terms of the All Writs Act confine a court "to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction"). Because the All Writs Act does not confer jurisdiction on the federal courts, it cannot confer the original jurisdiction required to support removal pursuant to § 1441.

Second, petitioners contend that some combination of the All Writs Act and the doctrine of ancillary enforcement juris-diction support the removal of the *Henson* action. As we explained in *Peacock* v. *Thomas*, 516 U. S. 349, 355 (1996), "[a]ncillary jurisdiction may extend to claims having a factual and logical dependence on 'the primary lawsuit.'" Petition-ers emphasize that the Southern District of Alabama re-

tained jurisdiction over the *Price* settlement, thus distinguishing *Kokkonen* v. *Guardian Life Ins. Co. of America*, 511 U. S. 375 (1994), in which we found ancillary jurisdiction lacking. They argue that respondent's maintenance of the *Henson* action undermined the *Price* settlement and that, in light of the Alabama court's retained jurisdiction, ancillary enforcement jurisdiction was necessary and appropriate.* But they fail to explain how the Alabama District Court's retention of jurisdiction over the *Price* settlement authorized *removal* of the *Henson* action. Removal is governed by statute, and invocation of ancillary jurisdiction, like invocation of the All Writs Act, does not dispense with the need for compliance with statutory requirements.

Read in light of the question presented in the petition for certiorari, perhaps petitioners' argument is that ancillary jurisdiction authorizes removal under 28 U. S. C. § 1441. As we explained in *Peacock,* however, a "court must have jurisdiction over a case or controversy before it may assert jurisdiction over ancillary claims." 516 U. S., at 355. Ancillary jurisdiction, therefore, cannot provide the original jurisdiction that petitioners must show in order to qualify for removal under § 1441.

Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court. The All Writs Act, alone or in combination with the existence of ancillary jurisdiction in a federal court, is not a substitute for that requirement. Accordingly, the judgment of the Court of Appeals is

*Affirmed.*

---

*Petitioners' assertion that removal was "necessary" is unpersuasive on its own bottom. One in petitioners' position may apply to the court that approved a settlement for an injunction requiring dismissal of a rival action. Petitioners could also have sought a determination from the Louisiana state court that respondent's action was barred by the judgment of the Alabama District Court.

JUSTICE STEVENS, concurring.

As the Court acknowledges, *ante*, at 32, the decisions of the Courts of Appeals that we disapprove today have relied in large part on our decision in *United States* v. *New York Telephone Co.*, 434 U. S. 159 (1977).\* For the reasons stated in Part II of my dissenting opinion in that case—reasons that are echoed in the Court's opinion today—I believe that it clearly misconstrued the All Writs Act. *Id.*, at 186–190 (opinion dissenting in part). See also *id.*, at 178 (Stewart, J., concurring in part and dissenting in part). Because the overly expansive interpretation given to the All Writs Act in *New York Telephone* may produce further mischief, I would expressly overrule that misguided decision.

With these observations, I join the Court's opinion.

---

\*See, *e. g., In re VMS Securities Litigation*, 103 F. 3d 1317, 1323 (CA7 1996); *Sable* v. *General Motors Corp.*, 90 F. 3d 171, 175 (CA6 1996); *In re Agent Orange Product Liability Litigation*, 996 F. 2d 1425, 1431 (CA2 1993). See also Hoffman, Removal Jurisdiction and the All Writs Act, 148 U. Pa. L. Rev. 401, 417 (1999) (noting that nearly all courts that have approved removal pursuant to the All Writs Act have relied on *New York Telephone*).

Indeed, the court below observed that the most powerful argument in favor of petitioners' position is provided by the "broad view of the All Writs Act's purpose" articulated in *New York Telephone*. *Henson* v. *Ciba-Geigy Corp.*, 261 F. 3d 1065, 1070 (CA11 2001).