**FLORIDA DEPARTMENT OF INSURANCE, as Receiver of WESTERN STAR INSURANCE COMPANY, LTD., Plaintiff,**

v.

**CHASE BANK OF TEXAS NATIONAL ASSOCIATION, etc., Defendant.**

**No. 4:02CV297–RH.**

United States District Court,
N.D. Florida,
Tallahassee Division.

Dec. 10, 2002.

Walter Scott Newbern, III, W Scott Newbern LC, Tallahassee, FL, Julius F Parker, Jr, Fla Dept of Insurance Div of Liquidation & Rehabilitation, Tallahassee, FL, John W Frost, II, Frost Tamayo Sessums Etc, Bartow, FL, for plaintiff.

D Lloyd Monroe, David Barkley Switalski, Cooper Coppins & Monroe, Tallahassee, FL, for defendant.

### ORDER OF REMAND

HINKLE, District Judge.

This is a long-running dispute between the Florida Department of Insurance, in its capacity as receiver of an insolvent insurer, on the one hand, and the successor in interest to a Texas bank, on the other. This most recent round of litigation began in state court and was removed to this court. Now pending is the Department's motion to remand. I grant the motion on the ground that the claim now at issue is but a part of a delinquency proceeding. There is no basis for original federal jurisdiction over the delinquency proceeding itself, and although the claim at issue is a "separate and independent claim" within the meaning of 28 U.S.C. § 1441(c), Congress amended that section in 1990 to preclude removal of a separate and independent claim unless it arises under federal law, which this claim does not. Removal thus was improper.

## I

In early 1993, Ameritrust of Texas National Association, a Texas commercial bank, entered into a trust agreement with Western Star Insurance Company, Ltd., an insurer authorized to do business in Florida. Pursuant to the trust agreement, Ameritrust held a certificate of deposit issued by a bank in the South Pacific Republic of Vanuatu. The ostensible availability of this certificate of deposit was a means by which Western met certain regulatory requirements.

The Florida Department of Insurance filed a delinquency proceeding against Western in Florida state court in 1994. (Document 14 at Ex. 1.) In accordance with state law, the state court appointed the Department as Western's receiver. The Department set about marshaling the assets of the estate, including the certificate of deposit. As it turned out, however, the certificate was worthless. (Document 1, Ex. A at 24.) The Department embarked on a series of legal actions seeking to recover the face amount of the certificate, and additional amounts, from Ameri-

trust or its successors in interest, alleging fraud and other legal theories. The current successor, JP Morgan Chase Bank ("Chase"), says the Department is in "its ninth consecutive year of vexatious litigation." (Document 4 at 4.) If not vexatious, the Department has at least been relentless; it has lost in state and federal courts, in trial and appellate courts, and in Florida and Texas, but it shoulders on.

No purpose would be served by setting out the complete procedural history of all the litigation. These highlights, however, deserve mention.

First, the Department sought once before to recover on this same certificate of deposit by seeking its turnover as part of the delinquency proceeding. The Department lost. (Document 1, Ex. A at 7.)

Second, the Department also sought to recover on essentially the same claim now at issue by filing a separate lawsuit in Florida state court. The case was removed to federal court, where it was dismissed for lack of personal jurisdiction over the bank. *See Florida Dep't of Ins. v. Texas Commerce*, No. 97–82 (N.D. Fla. Feb 13, 1998) (unpublished order), *aff'd per curiam*, 174 F.3d 202 (11th Cir.1999) (unpublished table decision).

Third, the Department also sought to recover on essentially the same claim in federal court in Texas by intervening in an interpleader action filed by Chase. The court dismissed the Department's claim, and the Fifth Circuit affirmed. The Fifth Circuit ruled that the Department's claim as asserted on behalf of Western itself was unfounded on the merits, and that the Department had no standing to assert any claim on behalf of Western's policyholders and third-party claimants. *See Florida Dep't of Ins. v. Chase Bank of Texas Nat'l Assoc.*, 274 F.3d 924 (5th Cir.2001).

On July 24, 2002, the Department asserted its claim against Chase yet again, this time by filing a "Revised Demand Notice" within and as part of the ongoing delinquency proceeding. The Department asserts that under the statute governing delinquency proceedings, as amended as of July 1, 2002, *see* 2002 Laws of Florida ch. 25, the Department may now proceed with its claim as part of the delinquency proceeding. The Department asserts the amendment also affords the Department standing to assert claims of policyholders and third-party claimants, contrary to the earlier ruling of the Fifth Circuit. Chase disagrees with these assertions.

Chase removed the claim asserted in the "Revised Demand Notice" to this court. The Department has moved to remand.

**II**

Chase rests removal solely on 28 U.S.C. § 1441(a).[1] With exceptions not relevant for purposes of this order, § 1441(a) allows removal of "any civil action brought in as State court of which the district courts of the United States have original jurisdiction."

The delinquency proceeding itself is not a civil action "of which the district courts of the United States have original jurisdiction." The proceeding does not arise under federal law, and it is not between citizens of different states. Nor is there any other basis for federal jurisdiction. In short, the delinquency proceeding is non-removable. Chase makes no assertion to

---

**1.** Chase originally invoked the All Writs Act, 28 U.S.C. § 1651, as an additional ground for removal, asserting that litigation of the Department's claim in state court would interfere with the earlier federal judgments, thus vesting federal removal jurisdiction to protect those judgments. More recently, as Chase candidly acknowledges, the Supreme Court has made clear that removal on this basis is improper. *See Syngenta Crop Prot., Inc. v. Henson*, — U.S. —, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

the contrary. Nor did Chase attempt or purport to remove the delinquency proceeding itself.

Chase asserts, instead, that the claim made by the Department against Chase pursuant to the "Revised Demand Notice" was removable standing alone. That is not so. The "Revised Demand Notice" was filed within and as part of the ongoing delinquency proceeding. Like any third-party complaint or other claim ancillary to a main action, the claim is not a separate case, but simply a separate part of a larger case. For this reason, the claim asserted in the "Revised Demand Notice" is nonremovable.

This conclusion is required by the plain language of the statute on which Chase relies for removal, 28 U.S.C. § 1441(a). The section authorizes removal only of "any civil action" meeting its prerequisites. By its plain terms, therefore, the statute applies only to an entire civil action, not to a separate claim filed within an action.

That this is the proper reading of § 1441(a) is confirmed by the overall structure of the removal statutes as a whole. The removal statutes generally deal with an entire case, making an entire case removable or not, rather than allowing separate removal of only a portion of a case. Thus, for example, when a case is filed in state court asserting both state and federal claims, the entire case is removable, even though the state claims would not have been removable standing alone. Conversely, when a third-party complaint is filed as part of a larger case that is not itself removable, the third-party complaint also is not removable, even if it arises under federal law or is between citizens of different states and thus would have been removable standing alone.

When Congress wanted to make a claim removable standing alone, rather than requiring removal of an entire case, Congress said so. Thus, for example, Congress determined that claims within the federal bankruptcy jurisdiction established by 28 U.S.C. § 1334 should be removable standing alone, without regard to whether or not they are asserted in state court as part of an entire case that would not itself be removable. To effect this result, Congress provided in 28 U.S.C. § 1452(a) for removal not just of a civil action, but for removal of "any claim or cause of action in a civil action," if there is jurisdiction under § 1334 of "such claim or cause of action." There is no similar provision for diversity claims.

That this difference in Congress's reference to an entire case, on the one hand, and to a claim or cause of action, on the other, was intentional, is further confirmed by 28 U.S.C. § 1441(c). Prior to 1990, that section provided:

> Whenever a separate and independent claim or cause of action, *which would be removable if sued upon alone*, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1988) (amended 1990, 1991) (emphasis added). This would have authorized removal in the case at bar: the Department's claim against Chase is "a separate and independent claim or cause of action" that would have been removable on grounds of diversity if sued upon alone. The procedure for effecting the removal would have been removal of the entire delinquency proceeding, followed by remand of all parts other than the claim against Chase.

In 1990, however, Congress amended this provision to make it applicable only to separate and independent claims arising under federal law, that is, separate and

independent claims that if sued upon alone would be within the "arising under" jurisdiction of 28 U.S.C. § 1331. Thus § 1441(c), as amended, now provides:

Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331* of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

18 U.S.C. § 1441(c) (1994) (emphasis added); *see* Judicial Improvement Act of 1990, Pub.L. No. 101–650, § 312, 104 Stat. 5098, 5114 (1990). The change made by Congress deals with precisely the situation in the case at bar: a separate and independent claim filed in state court as part of a larger proceeding, that would be removable on grounds of diversity if sued upon alone, and that therefore would have been removable under the pre–1990 version of § 1441(c), but that is now nonremovable under that section as amended. Congress has spoken.[2]

Chase asserts, however, that the Department was not entitled to assert its claim within the delinquency proceeding. Whether that is so is a question for the state delinquency court. What matters for purposes of removal is not whether the Department's claim is well founded, either procedurally or substantively, but the na-

ture of the claim the Department in fact filed. The Department filed its claim within and as part of the delinquency proceeding. The claim as so filed was not removable. If, in due course, the delinquency court determines that the claim was not properly filed in that action, and if the Department then files a separate action, Chase may attempt to remove that separate action. But that is not what has occurred to date.[3]

For these reasons,

IT IS ORDERED:

The motion to remand (document 8) is GRANTED. This action is remanded to the Circuit Court, Second Judicial Circuit, Leon County, Florida. The clerk shall take all action necessary to effect the remand.

SO ORDERED.

---

2. This reading of the removal statute is further supported by the relevant canon of construction: removal statutes are to be narrowly construed against removal. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Diaz v. Sheppard,* 85 F.3d 1502, 1505 (11th Cir.1996).

3. If the assertion of this claim within the delinquency proceeding were clearly frivolous, a nice question would be presented as to whether the claim should nonetheless be treated as part of the delinquency proceeding

for removal purposes. Removal jurisdiction ought not be defeated by a frivolous procedural charade. But the assertion of this claim within this delinquency proceeding—whether or not proper—was not frivolous. *See, e.g., Mall Bank v. Florida ex rel. Dep't of Ins.,* 462 So.2d 519 (Fla.App.2d DCA 1985) (treating claim by receiver against bank as properly asserted within delinquency proceeding and rejecting assertion that venue should be determined for claim against bank standing alone rather than for entire delinquency proceeding).