

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2003

# Arjomand v. Metro Life Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1081

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Arjomand v. Metro Life Ins Co" (2003). *2003 Decisions*. Paper 213.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/213

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1081

ABDOLLAH ARJOMAND; MARYAM A . SHARIF-EMAMI;
BAHMAN ARJOMAND; HEDAYAT BEHBEHANI;
BADRIEH BEHBEHANI,

Appellants

v.

METROPOLITAN LIFE INSURANCE CO.; METLIFE, INC.;
METROPOLITAN INSURANCE AND ANNUITY COMPANY;
LAWRENCE A. VRANKA; MEHDI FAKHARZADEH

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Civ. No. 02-cv-00076 )
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 2, 2003
Before:  RENDELL, WEIS, and GARTH, Circuit Judges.
(Filed October 8, 2003)

_____

OPINION

WEIS, Circuit Judge.

1

In 1986, plaintiffs purchased life insurance policies from Metropolitan Life Insurance Company, a mutual organization. The company represented that, because of earnings applicable to the policies, the premiums would "vanish" at the end of 10 years. When those predications failed to materialize, plaintiffs complained to the Metropolitan Life Insurance Company and, in 1997, the parties reached a settlement to "restructure" the policies.

As a part of this agreement, plaintiffs received single premium policies issued by the Metropolitan Insurance and Annuity Company, a stock company and an affiliate of the Metropolitan Life Insurance Company. The cover page of the policies bore the name of Metropolitan Insurance and Annuity Company, and stated that they did not pay dividends.

Plaintiffs were also members of a class action brought against both Metropolitan companies that covered the period from January 1, 1982 through December 31, 1997. The case was settled in August of 1999, and approved by the District Court in December 1999.

Beginning in September 1999, Metropolitan Life Insurance Company began the process of "de-mutualizing," one result of which was the issuance to its policy holders of stock in a new company, MetLife, Inc. Because they were not policyholders of Metropolitan Life Insurance Company at that time, plaintiffs did not receive shares in MetLife, Inc.

2

Plaintiffs filed suit in the Supreme Court of New York, seeking damages because they had not been advised that the Metropolitan Insurance and Annuity policies did not pay dividends and were issued by a non-mutual company. Plaintiffs alleged they did not become aware of these facts until April 2000, when Metropolitan Life Insurance Company completed de-mutualization.

Relying on the All Writs Act, defendants removed the case to the Western District of Pennsylvania, which had approved the class action settlement and had retained jurisdiction. In view of the then recently decided case of <u>Syngenta Crop Protection, Inc. v. Henson</u>, 537 U.S. 28 (2002), the District Court concluded that the removal was improvident. Because Metropolitan Life Insurance Company's contentions could be construed as a request for an injunction, the District Court decided to entertain the case on that basis. In order to protect its judgment in the class action, the court enjoined the plaintiffs from pursuing the state court litigation.

The District Court held that the alleged misrepresentation occurred in 1997, within the duration of the class action period. Therefore, the claims were included within the release, which covered omissions and non-disclosures involving the "replacement or roll-over of an existing policy or annuity with or into a new policy or annuity." Thus, the plaintiffs' claims arose in 1997, when the transition to the new policies occurred, rather than in 2000, when the de-mutualization took place.

We agree with the District Court's analysis of the dispute and the scope of

3

the release. Accordingly, we conclude that the issuance of the injunction was a proper remedy.

The District Court, in the exercise of its discretion, declined to award plaintiffs the costs and fees associated with the removal of the case from the state court. Because after the removal the Supreme Court issued its opinion in Syngenta Crop Protection, which resolved a conflict between the circuits on the right to remove under the All Writs Act, the District Court concluded that the basis for the removal here was colorable when it occurred. In Mints v. Educational Testing Service, 99 F.3d 1253 (3d Cir. 1996), we held that even though a party did not act in bad faith by removing a case, the District Court nevertheless had broad discretion in deciding whether to award fees and costs under 28 U.S.C. 1447(c). In the circumstances here, we find no abuse of discretion.

Essentially, for the reasons stated in its opinion, we will affirm the order of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

 /s/ Joseph F. Weis Jr
United States Circuit Judge