ASOCIACIÓN DE DETALLISTAS DE GASOLINA DE PUERTO RICO, INC., **represented by its President, Efraín Reyes Hernández, Plaintiff(s)**

v.

SHELL CHEMICAL YABUCOA INC., et al., Defendant(s).

Civil No. 04–1848 (JAG).

United States District Court, D. Puerto Rico.

July 5, 2005.

Carlos E. Montanez, Carlos E. Montanez Law Office, San Juan, PR, for Plaintiffs.

Frank La Fontaine–Maestre, Samuel T. Cespedes, McConnell Valdes, Ana M. Nin–Torregrosa, Nin Torregrosa & Rodriguez Ruiz Law Office, Alberto G. Estrella William Estrella Law Offices, Carlos A. Valldejuly–Sastre, Hermann D. Bauer–Alvarez, O'neill & Borges, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before this Court is Plaintiffs' Motion to Remand (Docket No. 14). After carefully reviewing the record, the Court **GRANTS** the Motion and **REMANDS** the case to the Puerto Rico Court of First Instance.

## PROCEDURAL BACKGROUND

Asociación de Detallistas de Gasolina Puerto Rico ("ADG") filed a civil action in the Puerto Rico Court of First Instance seeking a declaratory judgment under Rule 59 of the Puerto Rico Rules of Civil Procedure.[1] In that action, ADG questions the legality under state law of certain incentive programs implemented by the defendants.

On August 17th, 2004, Shell Chemical Yabucoa Inc., and the Shell Company (Puerto Rico) Ltd., filed a "Notice of Removal" of the state action filed by ADG. (Docket No. 1). Shortly thereafter, the Esso Standard Oil Company of Puerto Rico and Texaco Puerto Rico Inc., filed motions joining Shell (collectively, "defendants") in its "Notice of Removal." (Dockets No. 10 and 11).

Defendants contend that this Court has original jurisdiction over the matter pursuant to 28 U.S.C. § 1331. Alternatively, defendants contend that under the All Writs Act, 28 U.S.C. § 1651, this Court is empowered to remove the state proceeding in order to protect the integrity of an

---

1. *Asociación de Detallistas de Gasolina de Puerto Rico, Inc. v. Shell Chemical Yabucoa Inc., The Shell Company (Puerto Rico) Ltd.; Texaco de Puerto Rico Inc.; Esso Standard Oil Company of Puerto Rico Inc.,* KAC–2004–5026 (Docket 1, Exhibit 1).

order issued in case No. 04–1141(JAF), in which a settlement agreement between Shell and other defendants was approved by this Court.[2]

ADG then filed a "Motion for Remand" stating that no federal cause of action is actually alleged in state court and hence the case is not removable regardless of whether a federal claim could have been alleged. (Docket No. 14). ADG further states that it was never a party in case 04–1441(JAF) and thus the settlement agreement reached in that case is not binding upon it. Moreover, ADG alleges that even if it had been a party, remand is still appropriate because the All Writs Act cannot be used to confer federal jurisdiction where another statute specifically addresses the particular issue at hand (referring to the removal statute, 28 U.S.C. § 1441(a)).

On September 24th, 2004, defendant Shell filed a "Consolidated Motion for More Definite Statement and Opposition to Motion for Remand." (Docket No. 20). On October 1st, 2004, both Esso and Texaco joined Shell's request for a more definite statement under Rule of Civil Procedure 12(e). (Dockets No. 21 and 22).

### DISCUSSION

#### A. *Standard*

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *City of Chicago v. International Coll. of Surgeons,* 522 U.S. 156, 163–64, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). The removal notice "shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the [Complaint]." 28 U.S.C. 1446(b).

The Supreme Court of the United States has held that, in deciding (for removal purposes) whether a case presents a federal claim or right, a court is to ask whether the plaintiff's claim to relief rests upon a federal right, and the court is to look only to plaintiff's complaint to find the answer. *Rosselló–González v. Calderón–Serra,* 398 F.3d 1, 10 (1st Cir.2004); *Hernández–Agosto v. Romero–Barceló,* 748 F.2d 1, 2 (1st Cir.1984). The existence of a federal defense is not sufficient for removal jurisdiction. *Franchise Tax Bd. v. Construction Laborers Vacation Trust,* 463 U.S. 1, 10–11, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 391, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). As master of his own claim, plaintiff *"may avoid federal jurisdiction by exclusive reliance on state law." Id.,* at 392; (emphasis added).

---

**2.** Section 2 of the "Settlement Agreement" provides that

Notification of any order, action, filing, intervention or proceeding, which intends to restrict, or by operation restricts, Shell's use or conduct of its Price Incentive Program shall be personally notified to Shell at least ten (10) business days prior to seeking enforcement of the same. The parties expressly understand and agree that, should any such event occur, the Plaintiffs may move to reopen Civil No. 04–1441–JAF. All arguments and objections, as well as the defenses raised by the Defendants in that case, and those that may result from or arise in any other action, intervention or proceeding, are hereby expressly preserved and reserved.

When a party questions the propriety of a removal petition, the removing party bears the burden of showing that removal is proper. *See Danca v. Private Health Care Systems,* 185 F.3d 1, 4 (1st Cir.1999) (*citing BIW Deceived v. Local S6, Industrial Union of Marine and Shipbuilding Workers of America, IAMAW District Lodge 4,* 132 F.3d 824, 831 (1st Cir.1997)). Removal statutes are strictly construed against removal. *See Rosselló-Gonzalez,* 398 F.3d at 11 (*citing Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). When plaintiff and defendant clash about jurisdiction, uncertainties are construed in favor of remand. *Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1097 (11th Cir.1994).

### B. *The Propriety of Removal in this Case*

Defendants argue that this Court has original federal question jurisdiction-and hence removal is appropriate-because "but for [ADG's] artful pleading, the removed action would clearly raise substantial questions of federal jurisdiction." Relying on the *Franchise Tax Board* analysis,[3] defendants argue that plaintiff may not defeat removal by omitting necessary federal questions in its state court complaint.

However, defendants fail to establish which unavoidable particular questions of federal law the state claim does not address. Furthermore, defendants' allegations seem to suggest that they are entitled to have ADG plead the causes of action they (the defendants) prefer. These allegations do not persuade this Court.

ADG, as master of its claim, chose to rely exclusively on the Puerto Rico Gasoline Law, 23 L.P.R.A. § 1101 *et seq.,* and the Puerto Rico Antitrust Law, 10 L.P.R.A. § 257 *et seq.* This Court is convinced that no federal cause of action is necessary for the resolution of the state claims raised by ADG. Moreover, the Supreme Court has clearly ruled that a plaintiff can prevent removal by choosing not to pursue federal claims that are potentially available, without incurring in the artful pleading exception recognized in *Franchise Tax Board. See Caterpillar, Inc. v. Williams,* 482 U.S. at 392, 107 S.Ct. 2425. In fact, the Supreme Court has noted that the artful pleading doctrine only allows removal "where federal law completely preempts a plaintiff's state law claim." *Rivet v. Regions Bank,* 522 U.S. 470, 475–76, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998); *see also Rosselló-González,* 393 F.3d at 12("we are skeptical of the applicability of the artful pleading doctrine outside of complete federal preemption of a state cause of action").

Neither the Puerto Rico Gasoline Law nor the Antitrust Law is preempted by federal law. *See e.g. Puerto Rico Department of Consumer Affairs v. Isla Petroleum Corp.,* 485 U.S. 495, 501, 108 S.Ct. 1350, 99 L.Ed.2d 582 (1988); *Caribe BMW v. Bayerische Motoren Werke,* 19 F.3d 745, 754 (1st Cir.1994). Thus, to require ADG to invariably claim federal causes of action when they are available would amount to this Court preempting an area of the law when Congress has chosen not to do so. Such a proposition offends basic principles of federalism and separation of powers.

Since the state cause of action is not one of which the district courts of the United States have original jurisdiction, removal is therefore improper under section 1441.

### C. *All Writs Act*

Defendants alternatively ask this Court to remove ADG's complaint under the purview of the All Writs Act, 28 U.S.C.

---

**3.** *Franchise Tax Board,* 463 U.S. at 22, 103 S.Ct. 2841 (1983).

§ 1651. They allege that removal is warranted under that statute in order for this Court to protect the integrity of its Order in Civil No. 04–1441(JAF). That is, defendants argue that this Court is empowered by the All Writs Act to issue any order necessary to protect its jurisdiction from any action that threatens to undermine the consent order in case 04–1441(JAF). This argument also fails to convince this Court.

While the All Writs Act does empower a federal court to issue all the writs necessary to protect its jurisdiction, the Supreme Court has held that the Act is not an independent source of federal subject-matter jurisdiction. *Syngenta Crop Protection, Inc. v. Henson,* 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002). In *Syngenta,* the Court dealt with a case in which, like the one at hand, defendants based their All Writs Act claim on a prior federal court settlement which the state court action would arguably frustrate. Finding against removal, the Court held that by itself, the All Writs Act does not give federal courts authority to remove a state court case in order to prevent frustration of orders the federal court had previously issued. Rather, removal would only be proper if the federal court independently has original subject-matter jurisdiction over the suit. *Syngenta,* 537 U.S. at 33–34, 123 S.Ct. 366.

Accordingly, defendants must demonstrate that the state cause of action is removable under 28 U.S.C. § 1441 in order for the All Writs Act to control the removal. Inasmuch as plaintiff's state action is not removable under section 1441, the All Writs Act does not empower this Court to entertain this case on removal.

## CONCLUSION

In light of the foregoing, the Court hereby **REMANDS** (Docket No. 14) the case to the Puerto Rico Court of First Instance. All pending motions are **MOOT.**

IT IS SO ORDERED.