**Joseph RUSSELL, Plaintiff–Appellant,**

v.

**The LEGAL AID SOCIETY OF
NEW YORK, Candace Kurtz,
Defendants–Appellees.**

**No. 05–3876–cv.**

United States Court of Appeals,
Second Circuit.

Sept. 29, 2006.

Joseph Russell, pro se, Dannemora, NY,
for Appellants.

William D. Buckley, Esq., Garbarini &
Scher, New York, NY, for Appellees.

Present: Hon. GUIDO CALABRESI,
Hon. ROSEMARY S. POOLER and Hon.
B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Joseph Russell
("Russell") appeals, *pro se,* the judgment
of the district court (Weinstein, J.), en-
tered on July 20, 2005 in favor of Defen-
dants–Appellees Legal Aid Society of New
York ("Legal Aid") and Candace Kurtz.
The district court removed Russell's law-
suit from the Supreme Court of New York,
Queens County, asserting federal question
jurisdiction. We assume the parties' fa-
miliarity with the case's facts and proce-
dural history. The district court found
that Russell sought to readjudicate a claim
he had already litigated, and dismissed
Russell's complaint on the grounds of res
judicata, collateral estoppel, and in the al-
ternative found the claim to be without
merit.

Before dismissal, Russell had moved to
remand to the Supreme Court of New
York, and he renews his jurisdictional
challenge on appeal. The district court

did not rule on Russell's motion before dismissing the action. The dispositive issues are whether Russell raised (or artfully avoided raising) federal questions in his complaint, and if not, whether there was another valid basis for federal jurisdiction. We review whether the district court had subject matter jurisdiction de novo. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir.2001).

 Close scrutiny of Russell's complaint reveals it brought only a claim of legal malpractice. Whether or not this claim is precluded by the District Court's earlier dismissal, its gravamen rests entirely on state law. Bringing only a state law claim does not constitute artful pleading, as a " 'plaintiff is free to ignore the federal question and pitch his claim on the state ground' to defeat removal." *Travelers Indem. Co. v. Sarkisian*, 794 F.2d 754, 758–759 (2d Cir.1986) *(quoting* 1A J. Moore & B. Ringle, *Moore's Federal Practice* ¶ 0. 160, at 185 (2d ed.1979)). While the preclusive effect of the district court's earlier dismissals is a question of federal law, this is nonetheless merely a defense to Russell's claim and not a question of federal law that would allow for removal under 28 U.S.C. § 1441(b) ("Section 1441(b)"). *See generally* James Wm. Moore, et. al., 16 *Moore's Federal Practice–Civil* § 107.14(3)(a)(v).

The appellees argue that the district court, in the absence of federal question jurisdiction possessed the limited jurisdiction necessary to enforce its prior order, i.e., to enforce the res judicata effect of its earlier dismissal. However, a district court may not remove an action from a state court merely because of the preclusive effect of its earlier judgment. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (holding that "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under Section 1441(b). Such a defense is properly made in the state proceedings...."). *California v. Chevron*, 872 F.2d 1410, 1415 (9th Cir.1989), cited by appellees in their brief to the contrary merely contains dicta quoting another Ninth Circuit case that was overturned by Rivet. *See Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1374–76 (9th Cir.1987).

Additionally, we need not reach the issue presented by the appellees of whether this court could affirm removal by invoking an alternative source of subject matter jurisdiction *post facto:* the All Writs Act does not provide an alternative to removal under Section 1441(b). The appellees argue otherwise, citing *In re Agent Orange*, 996 F.2d 1425, 1431 (2d Cir.1993). However, this case is no longer good authority on this point of law, as it was expressly overruled. *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 31–35, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002) (holding that "Section 1441 requires that a federal court have original jurisdiction over an action in order for it to be removed from a state court. The All Writs Act ... is not a substitute for that requirement"); but see *Yonkers Racing Corp. v. City of Yonkers*, 858 F.2d 855, 863 (2d Cir.1988) (holding that the All Writs Act may provide for jurisdiction in exceptional circumstances, e.g. where removal is necessary in order to protect the integrity of a federal consent decree.)

Accordingly, we are required to vacate the dismissal and remand to the district court with instructions to remand the case to the Supreme Court of New York, the correct forum for the assertion of the appellees' defenses of res judicata and collateral estoppel. The judgment of the district court is VACATED and REVERSED with instructions to remand to the Su-

preme Court of New York, Queens County.