Joseph DEANGELIS, et al., Plaintiffs,

v.

Jon S. CORZINE, et al., Defendants.

In re MF Global Holdings Ltd.
Investment Litigation.

Juan P. Arvelo, Plaintiff,

v.

Jon S. Corzine, et al., Defendants.

Nos. 11 Civ. 7866, 12 Civ. 3884.

United States District Court,
S.D. New York.

Aug. 8, 2012.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

On February 2, 2012, in New York State Supreme Court for Queens County, plaintiff Juan P. Arvelo ("Arvelo") filed this derivative action on behalf of the MF Global Ltd. Employee Stock Purchase Plan, the MF Global Ltd. Approved Savings–Related Share Option Plan, and the MF Global Ltd. 2007 Long Term Incentive Plan (collectively, the "Plans") against defendants

Jon S. Corzine, David P. Bolger, Martin J. Glynn, Eileen S. Fusco, David Gelber, Edward Goldberg, David Schamis, Robert S. Sloan, John R. MacDonald, Bradley I. Abelow, Henri J. Steenkamp, Michael J. Stockman and Bernard Dan (collectively, "Defendants"). (*See* Notice of Removal, *Arvelo v. Corzine,* No. 12 Civ. 3884, Docket No. 1 ("Notice of Removal"), Ex. 2.) Arvelo's complaint (the "Complaint") asserts four state-law causes of action: breach of fiduciary duty, misrepresentation and nondisclosure, mismanagement of plan assets, and breach of the duty to properly appoint and monitor. (*Id.*)

Defendants timely removed this action to the federal court for the Eastern District of New York. (*See* Notice of Removal.) Then, by Order of the United States Judicial Panel on Multidistrict Litigation dated May 16, 2012, the action was transferred to this Court as related to the matters already consolidated under docket numbers 11 Civ. 7866 and 12 MD 2338. (Order Lifting Stay of Conditional Transfer Order, *Arvelo v. Corzine,* No. 12 Civ. 3884, Docket No. 14.)

Arvelo moved to remand this action to state court. (Docket No. 300.) Defendants opposed Arvelo's motion (Docket No. 306), and Arvelo replied (Docket No. 312). Because Arvelo's claims are related to ongoing bankruptcy proceedings, and for the other reasons discussed below, the Court DENIES Arvelo's motion.

## I. BACKGROUND [1]

On October 31, 2011, MF Global, Ltd. ("MFG") collapsed and its board of directors declared Chapter 11 bankruptcy.

---

1. The Court accepts as true the facts alleged in the Complaint. "On a motion for remand, we 'must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff[.]' " *Allstate Ins. Co. v. Credit Suisse Sec. (USA) LLC,* No. 11 Civ. 2232, 2011 WL 4965150, at *2 (S.D.N.Y.2011) (*quoting In re NASDAQ Mkt. Makers Antitrust Litig.,* 929 F.Supp. 174, 178 (S.D.N.Y.1996)). No further citation to the Complaint will be made, except where it is specifically referenced.

Since then, legislators, regulators, trustees, media outlets and individual investors have sifted through the resultant corporate rubble, searching for lost accounts and unearthing alleged misrepresentations and malfeasance. As the affected individuals and entities have developed an understanding of how and why MFG imploded, leaving its common stock essentially worthless, investors in MFG's stock have brought numerous securities fraud actions against MFG's former directors and officers. Those cases have been consolidated before this Court,

Much has already been written regarding the frenetic final phase of MFG. This Court, no doubt, will have ample opportunity to contribute its own tomes to that burgeoning library. The instant dispute, however, raises narrow questions and requires very little by way of background.

The Plans were created by the MFG board of directors (the "Board") through resolutions adopted in 2007.[2] The basic purpose of the Plans was to create a framework through which MFG employees could be compensated with MFG shares or the opportunity to purchase such shares. The Plans' adopting resolutions assigned to the Board the duty to select a compensation committee. In turn, the compensation committee was tasked with administering the Plans. The Board maintained the power to override decisions of the compensation committee or amend the terms of the Plans at any time. Individual members of the Board were granted these rights and duties *ex officio*, by virtue of their status on the Board. Defendants were members of the Board and were fiduciaries of the Plans because of their discretion over the management of the Plans.

One further point regarding the Board's rights and duties is relevant here: MFG's bylaws provide for the indemnification of Board members' "liability and loss suffered and expenses (including attorneys' fees) reasonably incurred" in "any action, suit or proceeding" brought against them "by reason of the fact that" they were Board members. (Notice of Removal, Ex. 11 § 6.5.)

Arvelo is a former employee of MFG and participated in the Plans; he allegedly "suffered financial detriment in his Plans' holdings as a result of the actions and nonactions of the Defendants." (Notice of Removal, Ex. 1 ¶ 29.) Arvelo does not allege the extent of his losses, nor does he provide any information regarding the time period of his employment or holdings of MFG stock through the Plans.

## II. *LEGAL ANALYSIS*

Defendants advance two alternative and independent theories to justify removal of the Arvelo action to federal court: (1) that the action is a "covered class action" and therefore subject to the removal provisions set forth in the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f)(1)–(2); or (2) that the action is "related to" ongoing MFG bankruptcy proceedings and is therefore removable under 28 U.S.C. § 1452(a). Because the Court concludes that Arvelo's complaint is related to the MFG bankruptcy, removal was

---

**2.** The Court derives the synthesis of facts set forth in this paragraph from the Complaint and from the three Board resolutions that created the Plans, which were attached to the Defendants' Notice of Removal and incorporated into the Complaint by virtue of the extensive citation to, quotation of, and reliance upon these resolutions therein. *See In re MTBE Prods. Liab. Litig.,* 488 F.3d 112, 124 (2d Cir.2007) ("In determining whether jurisdiction is proper, [courts] look only to the jurisdictional facts alleged in the Notice[ ] of Removal.").

proper and Arvelo's motion to remand is DENIED.[3]

## A. STANDARD OF REVIEW

█ "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). As Justice Ginsburg has explained, § 1452 was "meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 132, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (Ginsburg, J., concurring).

█ As a general matter, removal jurisdiction must be "strictly construed," *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002), and any doubts should be resolved against removability "out of respect for the limited jurisdiction of the federal courts and the rights of states." *In re MTBE Prods.*, 488 F.3d at 124. "A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir.2011) (*citing California Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir.2004)).

█ "The propriety of removal under § 1452(a) is predicated on the scope of federal jurisdiction under 28 U.S.C. § 1334[.]" *In re Refco, Inc. Sec. Litig.*, 628 F.Supp.2d 432, 437 (S.D.N.Y.2008). Section 1334, in turn, provides in pertinent part: "[T]he district courts shall have original but not exclusive jurisdiction of all

civil proceedings ... related to cases under title 11," of the United States Bankruptcy Code. 28 U.S.C. § 1334(b). "Thus, the crux of the jurisdictional dispute is whether [Arvelo's] claims, which [are pled] solely under [New York] state law, are sufficiently 'related to' the [MFG] bankruptcy to establish federal jurisdiction." *In re Refco*, 628 F.Supp.2d at 437. "[A] civil proceeding is 'related to' a title 11 case if the action's outcome might have any conceivable effect on the bankrupt estate." *Parmalat Capital Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 579 (2d Cir.2011) (internal quotations omitted) (*quoting In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 114 (2d Cir.1992)).

## B. ANALYSIS

█ The Court has little trouble finding that Arvelo's causes of action are "related to" the MFG bankruptcy. In fact, the Court need look no further than the indemnification provisions of the MFG bylaws.

"In determining whether potential claims by third party defendants [i.e. Defendants] against the debtor [i.e. MFG] for either indemnification or contribution give rise to 'related to' jurisdiction over litigation to which the debtor is not a party, courts in this circuit ... have generally found jurisdiction where there is a 'reasonable' legal basis for the claim." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 318–19 (S.D.N.Y.2003). Applying that standard, "[m]any cases have held that ... 'related to' jurisdiction over non-debtor litigation [exists] if the estate is obligated to indemnify or contribute to the losing par-

---

**3.** The Court need not, therefore, address the SLUSA issues presented by the parties. It should be noted however, that Arvelo's arguments on that score demonstrate a fundamental misunderstanding-if not misrepresenta-

tion-of the controlling case law that addresses pleading standards applicable in a SLUSA analysis. On that basis alone the Court would be inclined to deny Arvelo's motion were it to consider Defendants' alternative theory.

ty." *In re Amanat,* 338 B.R. 574, 579 (Bankr.S.D.N.Y.2005).

Arvelo argues that, because he sues Defendants not as members of the Boards, but rather as fiduciaries of the Plans, the indemnification provision of the MFG bylaws is not implicated. However, Arvelo's complaint and the resolutions creating the Plans make clear that the Defendants were only fiduciaries of the Plans-to the extent that the Plans are entities to which it is possible to owe fiduciary duties-because they were members of the Board. This conclusion is inherent in Arvelo's complaint: Arvelo brings this action against some Defendants who were Board members but not compensation committee members and, in his fourth cause of action, alleges that Defendants failed to exercise powers of oversight specifically reserved for the Board itself.

The MFG bylaws provide for "indemnif[ication] to the full extent permitted by law" of "all liability," including attorneys' fees, incurred in relation to one's service on the Board. (Notice of Removal, Ex. 11 § 6.5.) Given the breadth of the indemnification provision at issue and the direct connection between Arvelo's claims and the Defendants' role as Board members, there is obviously at least a reasonable legal basis for the Defendants' claims of indemnification. Therefore, as numerous courts in this district have done in similar circumstances, this Court finds that the existence of reasonable indemnification claims against a bankrupt entity is a sufficient basis for federal jurisdiction under §§ 1334(b) and 1452(a). *See, e.g., In re WorldCom,* 293 B.R. at 318–19 (collecting cases within district and from other circuit courts); *In re Amanat,* 338 B.R. at 579–80 (collecting cases related to bankruptcy courts' jurisdiction).

That Arvelo's causes of action are related to the ongoing MFG bankruptcy confers subject matter jurisdiction upon this Court and renders removal appropriate. That Arvelo's causes of action are, in sum and substance, an echo of the securities fraud class action complaints already before the Court renders removal the most efficient and equitable result. *See, e.g., In re WorldCom,* 293 B.R. at 321 (finding exercise of "related to" jurisdiction appropriate where, as here, there were "strong interconnections between the third party action and the [relevant] bankruptcy" and plaintiff alleged that bankrupt entity would have been named in state law suit but for insolvency (citations omitted)). Accordingly, Arvelo's motion to remand is DENIED.

### III. *ORDER*

For the reasons discussed above, it is hereby

**ORDERED** that, the motion of plaintiff Juan P. Arvelo to remand this action to state court (Docket No. 300), is DENIED. **SO ORDERED.**