**BLD-109**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4750
_____

IN RE: PETER INGRIS,

                                                                Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the District of New Jersey

_____

Submitted Pursuant to Fed. R. App. Pro. 21
February 12, 2015

Before: AMBRO, JORDAN and KRAUSE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 26, 2015)
_____

OPINION*
_____

PER CURIAM

Peter Ingris has filed a petition for writ of mandamus, two supplements, and an

amended petition.  For the reasons that follow, we will deny the petition and amended

petition.

Ingris is a litigant in a number of cases that were either disposed of or are currently

pending in the United States District Court for the District of New Jersey.  His request for

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus relief is directed at several federal judges sitting in Newark who presided or are presiding over those cases, including District Judges William J. Martini, Michael A. Shipp, and Esther Salas, and also Magistrate Judge Michael A. Hammer. He also seeks to mandamus Deputy-In-Charge Andrea Lewis-Walker. In <u>Elias Mallouk Realty v. Ingris</u>, 2015 WL 224642 (D.N.J. Jan. 15, 2015), a landlord-tenant case which Ingris removed to federal court from the Superior Court of New Jersey, Somerset County, Judge Shipp recently denied his motion to consolidate his pending cases, and remanded to state court. In doing so, Judge Shipp summarized Ingris's cases and we adopt that summary, as follows:

> 1. <u>Ingris v. Borough of Caldwell, et al.</u>, D.C. Civ. No. 14-cv-00855. Filed in February 2014 in federal court, Ingris alleged a violation of his civil rights by the Borough of Caldwell and others in connection with his company Dancesport4You.[1] The case is assigned to Judge Salas and is active; various motions are pending.
>
> 2. <u>Pio Costa Foundation, Inc. v. Dancesport4You, et al.</u>, D.C. Civ. No. 14-cv-03332. Filed in January 2014 by the Pio Costa Foundation in the Superior Court of New Jersey, Essex County, at ESX-L-701-14, this lawsuit alleged non-payment of rent. Ingris removed the case to federal court in May 2014. District Judge William J. Martini remanded the matter to state court on July 21, 2014 for lack of federal subject-matter jurisdiction.[2]
>
> 3. <u>Ingris v. Bank of America, N.A., et al.</u>, D.C. Civ. No. 14-03726. Filed in May 2014 by Ingris in the Superior Court of New Jersey, Somerset County, against Bank of America and others, this suit alleged unlawful collection of debts and racial discrimination. The defendants removed the action to

---

[1] Ingris is black and a citizen of Germany.

[2] A District Court may remand for lack of subject matter jurisdiction at any time before final judgment, 28 U.S.C. § 1447(c), and an order remanding a case to the state court from which it was removed generally is not an appealable order. <u>Thermtron Products, Inc. v. Hermansdorfer</u>, 423 U.S. 336, 343 (1976), <u>abrogated</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 715 (1996).

federal court and Judge Shipp recently denied Ingris's application for a preliminary injunction, dismissed Counts One, Two, Three, and Four of the complaint with prejudice, and remanded to the Superior Court of New Jersey. Ingris, 2015 WL 226000 (D.N.J. Jan. 16, 2015).

4. Ingris v. Borough of Caldwell, et al., D.C. Civ. No. 14-cv-06388. Filed by Ingris in July 2012 in the Superior Court of New Jersey, Essex County, but, in October 2014, Ingris removed the action to federal court in order to enjoin the presiding state judge – Judge Sebastian Lombardi – and the defendants from further acts aimed to violate his civil rights. Magistrate Judge Hammer issued an Order to Show Cause why the matter should not be remanded to state court because, in pertinent part, only a defendant may remove a case to federal court under 28 U.S.C. § 1441(a) and § 1446. Ingris, 2014 WL 7182411 (D.N.J. Dec. 16, 2014)

5. Pio Costa Foundation Inc. v. Dancesport4You Inc., et al., D.C. Civ. No. 14-cv-07382. As above, this action was filed by the Pio Costa Foundation in the Superior Court of New Jersey, Essex County, at ESX-L-701-14, alleging non-payment of rent. In November 2014, Ingris again removed this case to federal court. It is again assigned to Judge Martini and is pending.

6. Ingris v. Drexler, et al., D.C. Civ. No. 14-2404. Filed by Ingris in federal court on April 14, 2014, the suit alleges that Drexler, Ingris's ex-wife and former dance partner, an individual named Krentzlin, and others, defamed and injured him. The case is assigned to Judge Salas, who recently dismissed two of the defendants, 2014 WL 7271905 (D.N.J. Dec. 17, 2014). The case remains pending as to the other defendants.

See Elias Mallouk Realty, 2015 WL 224642, at *1-2.

In the mandamus petition, Ingris alleges that the five nominal respondents have interfered with his rights under the federal removal statutes by blocking his removals to federal court for political reasons. He asks that we order the respondents to cease this conduct, to docket expeditiously all of his removed actions and all of his motions filed in the removed cases, to permit a change of venue to Trenton, and to schedule his removed

3

actions for "expeditious disposition;" he further asks that we lift the "administrative" bar to his removals." Petition at 6-7.

We will deny the petition for writ of mandamus. Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). We will grant a writ of mandamus only where three conditions are met: (1) there is no other adequate means to obtain the relief sought; (2) the right to issuance of the writ is clear and indisputable; and (3) we, in the exercise of our discretion, are satisfied that the issuance of the writ is appropriate under the circumstances. In re Pressman-Gutman Co., Inc., 459 F.3d 383, 399 (3d Cir. 2006).

We deny Ingris's request for mandamus relief against the four federal judges because he has failed to allege any facts to show that his First Amendment right of access to the Newark Federal Court has been impeded or delayed. Indeed, nothing could be further from the truth in that Ingris has successfully filed and removed numerous cases. These cases have been docketed and disposed of or are proceeding in an expeditious manner. The manner in which a District Court manages and disposes of cases on its docket is within its discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Ingris's allegation of delay in the disposition of his many cases finds no support in the record and most certainly does not amount to a failure on the Newark Federal Court's part to exercise jurisdiction, see generally Madden v. Myers, 102 F.3d

4

74, 79 (3d Cir. 1996) ("[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction.").  Furthermore, mandamus will not lie to create subject matter jurisdiction for courts where such jurisdiction would otherwise be lacking, Sygenta Crop Protection v. Henson, 537 U.S. 28, 32 (2002), and thus Ingris must comply with the statutory requirements for removal.

One of Ingris's allegations does, however, present a potential issue for concern. With respect to his specific claim that his removals have been administratively blocked, we note that, in support of this claim, he has attached to his petition a letter from Deputy-In-Charge Andrea Lewis-Walker dated December 5, 2014, which states:

> Please find enclosed your recent submissions regarding "Criminal Complaint".  These are being returned to you as our office does not file criminal complaints submitted by pro se litigants.  The United States Attorney for the District of New Jersey has the sole authority to prosecute a criminal case in this Court….  Accordingly, these proposed criminal complaints are hereby returned to you….

Petition, Exhibit 6 (citations omitted).

Lewis-Walker's letter states a correct proposition of law regarding the filing of criminal complaints in federal court by private citizens, but it may not have been responsive to the specific items submitted by Ingris for filing.  Ingris appears to contend that he submitted a Notice of Removal for filing and docketing in order to remove his state court criminal prosecutions, State v. Ingris, Crim. Nos. S-2014-000177-1412 and S-2014-000245-0704, from Hanover and Fairfield Township Municipal Courts to federal

5

court, as authorized by 28 U.S.C. § 1443 and § 1455.[3] Section 1443(a) provides for the removal of a criminal prosecution commenced in a state court where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." Section 1455 sets forth the procedures and requirements for removal of criminal prosecutions, and subparagraph (b)(4) of § 1455 specifically states that "The United States district court in which such notice is filed shall examine the notice promptly." 28 U.S.C. § 1455(b)(4).

If Ingris submitted for filing a Notice of Removal of his state criminal prosecutions and Lewis-Walker improperly failed to file it (and we do not find nor imply that she did), we are confident that the failure was due to a misunderstanding of the nature of Ingris's submission rather than to any "administrative" bar in the Newark Federal Court. Cf. 28 U.S.C. § 1455(a) ("A defendant … desiring to remove any criminal prosecution from a State court shall file … a notice of removal … containing a short and plain statement of the grounds for removal."). In the event of an error in docketing by court staff where the nature of the submission may have been misunderstood, recourse may be had either by writing a letter to the Clerk of the District Court seeking reconsideration of the decision, or by appealing the decision of the Clerk to a United States District Judge in the Newark Federal Court in accordance with whatever

---

[3] We note the existence of a third prosecution in Morris County for "harassing communication" in connection with Ingris's attempt to serve papers on Krentzlin. His petition for a writ of habeas corpus challenging an arrest warrant was recently dismissed without prejudice by Judge Salas for failure to exhaust state remedies, Ingris v. Palmer, 2015 WL 381318 (D.N.J. Jan. 21, 2015).

local rules or internal operating procedures might apply. Mandamus is not appropriate where there are other adequate means to obtain the relief sought, In re Pressman-Gutman Co., Inc., 459 F.3d at 399, as there are here. Given that Ingris has successfully removed numerous cases to the Newark Federal Court, and successfully filed numerous cases, we reject his allegation that there is a conspiracy by that Court to prevent him from exercising rights that may be available to him under §§ 1443 and 1455.

For the foregoing reasons, we will deny the petition, as amended, for writ of mandamus.